UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

CARL ROBERT CHRISTY,
JOHNNY FREDRICK PUGH,

       Plaintiffs,
v.

CUSTOM SERVICES LLC D/B/A
FIRST CARE SERVICES D/B/A UNITED
PHARMACY SERVICES, JACK L.
STAPLETON, JACK HUNTER STAPLETON,
JASON R. HOLLOWAY, LOGAN MOHRING,

       Defendants.
_____/

**COMPLAINT**
*{Jury Trial Demanded}*

Plaintiffs, CARL ROBERT CHRISTY and JOHNNY FREDRICK PUGH bring this action against Defendants, CUSTOM SERVICES LLC D/B/A FIRST CARE SERVICES D/B/A UNITED PHARMACY SERVICES, JACK L. STAPLETON, JACK HUNTER STAPLETON, JASON R. HOLLOWAY, and LOGAN MOHRING, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and allege as follows:

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiffs CARL ROBERT CHRISTY and JOHNNY FREDRICK PUGH were residents of the State of Florida and "employees" of Defendants as defined by the FLSA.

3. At all times material hereto, Plaintiffs engaged in interstate commerce on a regular and recurring basis within the meaning of the FLSA through, among other activity, interstate communication via telephone with customers in different states.

4. At all times material hereto, Defendant, CUSTOM SERVICES LLC D/B/A FIRST CARE SERVICES D/B/A UNITED PHARMACY SERVICES, was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of telemarketing for pain creams, medications, and other medical products, at all times material hereto was the "employer" of Plaintiffs as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

5. Defendant, JACK L. STAPLETON, is a resident of Palm Beach County, Florida and was, and now is, a manager of Defendant, CUSTOM SERVICES LLC D/B/A FIRST CARE SERVICES D/B/A UNITED PHARMACY SERVICES, and controlled Plaintiffs' duties, hours worked, and compensation. Accordingly, JACK L. STAPLETON was and is an "employer" of the Plaintiffs within the meaning of 29 U.S.C. §203(d).

6. Defendant, JACK HUNTER STAPLETON, is a resident of Broward County, Florida and was, and now is, a manager of Defendant, CUSTOM SERVICES LLC D/B/A FIRST CARE SERVICES D/B/A UNITED PHARMACY SERVICES, and controlled Plaintiffs' duties, hours worked, and compensation. Accordingly, JACK HUNTER STAPLETON was and is an "employer" of the Plaintiffs within the meaning of 29 U.S.C. §203(d).

7. Defendant, JASON R. HOLLOWAY, is a resident of Broward County, Florida and was, and now is, a manager of Defendant, CUSTOM SERVICES LLC D/B/A FIRST CARE SERVICES D/B/A UNITED PHARMACY SERVICES, and controlled Plaintiffs' duties, hours worked, and compensation. Accordingly, JASON R. HOLLOWAY was and is an "employer" of the Plaintiffs within the meaning of 29 U.S.C. §203(d).

8. Defendant, LOGAN MOHRING, is a resident of Broward County, Florida and was, and now is, a manager of Defendant, CUSTOM SERVICES LLC D/B/A FIRST CARE SERVICES D/B/A UNITED PHARMACY SERVICES, and controlled Plaintiffs' duties, hours worked, and compensation. Accordingly, LOGAN MOHRING was and is an "employer" of the Plaintiffs within the meaning of 29 U.S.C. §203(d).

9. Two or more of Defendants' employees handled tools, supplies, and equipment manfuactured outside Florida in furthernace of their business including but not limited to phones, computers, computer mice, computer keyboards, and computer monitors.

10. Plaintiff CARL ROBERT CHRISTY worked for Defendants as a transfer agent.

11. Plaintiff JOHNNY FREDRICK PUGH worked for Defendants as a transfer agent.

12. Defendants failed to pay Plaintiffs their full and proper overtime wages of 1.5 times Plaintiffs' regular hourly rate for all hours worked over 40 each week.

13. Defendants failed to pay Plaintiffs their full and proper regular wages.

14. Defendants failed to pay Plaintiffs $20 per deal for each deal closed as Defendants promised and agreed to.

15. Attached as Exhibit A and Exhibit B are preliminary calculations of Plaintiffs' claims. These amounts may change as Plaintiffs engage in the discovery process.

16. Defendants have knowingly and willfully refused to pay Plaintiffs their legally-entitled wages.

17. Plaintiffs have complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

18. Plaintiffs have retained the services of the undersigned and are obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## ALL DEFENDANTS

19. Plaintiffs reallege and incorporate the allegations set forth in paragraphs 1-18 above as if set forth herein in full.

20. Plaintiffs allege this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiffs are entitled to: (i) time-and-a-half overtime pay and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

21. Plaintiffs seek recovery of damages as referenced above and further seek interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

## COUNT II
## BREACH OF CONTRACT AND FAILURE TO PAY WAGES
## DEFENDANT CUSTOM SERVICES LLC D/B/A FIRST CARE SERVICES D/B/A UNITED PHARMACY SERVICES

22. Supplemental jurisdiction over the pendent state claim is conferred on this Court by 28 U.S.C. 1367.

23. Plaintiffs reallege and incorporate the allegations set forth in paragraphs 1-18 above as if set forth herein in full.

24. Plaintiffs entered into oral contracts with Defendant for wages at the rate of $20 per deal.

25. Plaintiffs worked for Defendant and did not receive the compensation promised. Defendant, therefore, wrongfully deprived Plaintiffs of wages that were due and owing and to which Plaintiffs are lawfully entitled under oral contracts for wages with Defendant.

26.     Plaintiffs have been damaged as a result of Defendant's failure to pay the agreed upon wages.

27.     Pursuant to Section 448.08, Florida Statutes, Plaintiffs are entitled to the costs of this action and reasonable attorneys' fees.

WHEREFORE, Plaintiffs demand judgment against Defendant for the unpaid wages that are due and owing, prejudgment interest, reasonable attorneys' fees and costs incurred in this action and any and all further relief this Court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
320 S.E. 9th Street
Fort Lauderdale, Florida 33316
Phone: (786) 924-9929
Fax:    (786) 358-6071
Email: ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esq.
Bar No.: 74791