UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-61266-CIV-SINGHAL

CARL ROBERT CHRISTY, et al.,

    Plaintiffs,

v.

CUSTOM SERVICES, LLC, et al.,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on the Defendant Jason R. Holloway's ("Holloway") Motion for Summary Judgment (DE [48]). Plaintiff responded ("Response") (DE [52]) to the Motion for Summary Judgment and filed a statement of material facts in opposition (DE [53]) on February 27, 2020. Holloway has submitted a reply memorandum (DE [56]). Additionally, this Court accepted Holloway's Supplemental Affidavit of Jason Holloway (DE [71-1]) as timely filed. *See* (Order (DE [73]), July 6, 2020). Accordingly, the matter is now ripe for review.

### I.    BACKGROUND

Plaintiffs were employed as transfer agents for Defendant Custom Services, LLC, which engaged in commerce in the field of telemarketing for pain creams, medications, and other medical products. Each Plaintiff brings suit against Defendant Custom Services, LLC and four managers of Defendant Custom Services, LLC (collectively, "Defendants") alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq. against all Defendants (Count I) and breach of contract and failure to pay

wages against Defendant Custom Services, LLC (Count II). In Plaintiffs' Second Amended Complaint ("Complaint") (DE [31]), Plaintiffs allege Defendants failed to pay Plaintiffs (1) their full and proper overtime wages of 1.5 times Plaintiffs' regular hourly rate for all hours worked over forty each week; (2) their full and proper wages; and (3) their twenty dollars per deal for each deal closed as promised by Defendants.

Holloway brings the instant Motion for Summary Judgment (DE [48]) arguing he was not an employer of Plaintiffs as defined by FLSA 29 U.S.C § 203(d). Holloway was hired by Defendant Custom Services, LLC as a sales agent in June 2013. He was promoted to Floor Manager from July 2014 until March 2015 when Defendant Custom Services, LLC made him an Operations Manager until he was fired in 2019. Holloway argues the Plaintiffs' claims for unpaid wages is primarily against the true employer, Defendant Custom Services, LLC. Holloway was neither an owner nor an officer of Custom Services, LLC.

Plaintiffs disagree and dispute Holloway's account of his responsibilities by providing Affidavits in support of its opposition to the Motion for Summary Judgment (DE [48]). Specifically, the Affiants allege Holloway had the authority to hire and fire transfer agents, determine compensation, and handle disputes. *See* (Resp. (DE [53-1]–[53-2]), Aff.). Plaintiffs argue these allegations are sufficient to establish Holloway's individual liability for FLSA violations.

## II. LEGAL STANDARD

### A. Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment "is appropriate only if 'the movant shows that there is no genuine [dispute] as to any material fact and the movant is entitled to judgment as a matter of law.'" *Tolan v. Cotton*, 572 U.S. 650, 656–57 (2014) (per curiam) (quoting Fed. R. Civ. P. 56(a));[1] *see also Alabama v. North Carolina*, 560 U.S. 330, 344 (2010). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). An issue is "genuine" if a reasonable trier of fact, viewing all of the record evidence, could rationally find in favor of the nonmoving party in light of his burden of proof. *Harrison v. Culliver*, 746 F.3d 1288, 1298 (11th Cir. 2014). And a fact is "material" if, "under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259–60 (11th Cir. 2004). "[W]here the material facts are undisputed and do not support a reasonable inference in favor of the non-movant, summary judgment may properly be granted as a matter of law." *DA Realty Holdings, LLC v. Tenn. Land Consultants*, 631 Fed. Appx. 817, 820 (11th Cir. 2015).

The Court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *SEC v. Monterosso*, 756 F.3d 1326, 1333 (11th Cir. 2014). However, to prevail on a motion for summary judgment, "the nonmoving party must offer more than a mere scintilla of evidence for its position;

---

[1] The 2010 Amendment to Rule 56(a) substituted the phrase "genuine dispute" for the former "'genuine issue' of any material fact."

3

indeed, the nonmoving party must make a showing sufficient to permit the jury to reasonably find on its behalf." *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1050 (11th Cir. 2015). "[T]his, however, does not mean that we are constrained to accept all the nonmovant's factual characterizations and legal arguments." *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 459 (11th Cir. 1994).

### B. Opposing Affidavits

"A non-conclusory affidavit that complies with Federal Rule of Civil Procedure 56 can create a genuine dispute concerning an issue of material fact, even if it is self-serving and/or uncorroborated." *Sears v. Warden Okeechobee Corr. Inst.*, 762 Fed. Appx. 910, 914 (11th Cir. 2019) (citing *United States v. Stein*, 881 F.3d 853, 858–59 (11th Cir. 2018) (en banc)). "Unsupported factual allegations, affidavits based on information and belief instead of personal knowledge, and mere conclusions are insufficient to withstand a motion for summary judgment." *Id.* (citing *Ellis v. England*, 432 F.3d 1321, 1327 (11th Cir. 2005)). The word "conclusory" may be defined as "[e]xpressing a factual inference without stating the underlying facts on which the inference is based." CONCLUSORY, Black's Law Dictionary (11th ed. 2019). Conclusory allegations without specific supporting facts have no probative value. *Myers v. Bowman*, 713 F.3d 1319, 1327 (11th Cir. 2013).

### III. DISCUSSION

Under the FLSA, an individual defendant is as an employer if he/she had control over significant aspects of a company's day-to-day functions. *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F. 3d 1299, 1313–14 (11th Cir. 2013). To establish an individual is an employer under the FLSA, the Plaintiffs must show that Holloway held

4

more than a managerial title in the company. *Id.* at 1313. To establish such, Plaintiffs submitted the affidavits of Plaintiffs Carl Robert Christy and Tracey Yvette Smith.

Holloway argues Plaintiffs have attempted to create a factual issue in dispute by providing nearly identical Affidavits, with conclusory statements, which are not based on personal knowledge. *See* (Reply (DE [56]), ¶¶ 3–7; 9–13; 15–19). Furthermore, the Affidavits do not establish any instance in which Holloway exercised authority to hire or fire an employee during the period in question. Instead, the Affiants group Holloway with all Defendants named in the Complaint (DE [31]). "But a conclusory affidavit will not defeat summary judgment." *Stein*, 881 F.3d at 857. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Defendant Jason R. Holloway's Motion for Summary Judgment (DE [48]) is **GRANTED**. Judgment for Defendant Jason R. Holloway will be entered separately.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 5th day of August 2020.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished to counsel of record via CM/ECF